# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

**WILLIAM TONY MCCROAN,**

      **Petitioner,**

**v.**                           **Case No.  5:13cv171/MP/CJK**

**DAVID WILKINS,**

      **Respondent.**

_____/

## <u>REPORT AND RECOMMENDATION</u>

This cause is before the Court upon petitioner's habeas corpus petition filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent moves to dismiss the petition under the *Rooker-Feldman* doctrine and *Younger* abstention principles.  (Doc. 21; *see Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311-12, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923); *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)).  Petitioner, through appointed counsel, has filed a response to the motion, asserting that petitioner cannot offer a valid defense to the motion.  (Doc. 32).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After

careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the Court show that the petition should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner is in the custody of the Florida Department of Children and Family Services ("DCF") currently confined at Florida State Hospital upon initial and continuing orders of involuntary commitment due to petitioner's incompetence to stand trial in his state criminal proceeding, *State v. McCroan*, Jackson County Circuit Court Case No. 09-CF-580. (Doc. 1). Petitioner's federal habeas petition challenges an order entered by the state trial court on November 22, 2010, determining petitioner incompetent to stand trial and adjudicating petitioner not guilty by reason of insanity. (Doc. 1, p. 1 and Ex. 1, pp. 55-60).

A detailed procedural history appears in petitioner's counseled appellate brief filed in *McCroan v. State*, 110 So. 3d 533 (Fla. 1st DCA 2013) (No. 1D11-3709). (*See* Doc. 1, pp. 63-82; *see also* Doc. 21, Ex. A, pp. 1-7). To summarize, petitioner was charged in October of 2009 with one count of home invasion robbery with a weapon and one count of criminal mischief, in Jackson County Circuit Court Case No. 09-CF-580. (Doc. 1, Attach. at 62). On November 15, 2010, the trial court held a competency hearing. (Doc. 1, Attach. at 35-53). On November 22, 2010, the trial court issued a written order not only determining petitioner incompetent to stand trial, but also adjudicating him not guilty by reason of insanity. (Doc. 1, Attach. at 55-60). The order committed petitioner, under Florida Rules of Criminal Procedure 3.212 and

3.218, and Florida Statutes § 916.15, to the custody of the Florida Department of Children and Family Services ("DCF") for placement and treatment in a "mental health facility." (*Id.*).

In April of 2011, the trial court received a report from DCF. The report stated that petitioner continued to meet the criteria for involuntary commitment. Counsel stipulated to the report. By order rendered April 19, 2011, petitioner's commitment was extended for one year. (Doc. 21, Ex. A, p. 6). On May 5, 2011, petitioner filed a *pro se* petition for writ of habeas corpus in the state circuit court challenging the order adjudging him not guilty by reason of insanity. (*See* Doc. 1, Attach. at 67; *see also* Doc. 21, Ex. A, p. 6). The trial court denied the habeas petition on July 27, 2011. Petitioner appealed. The Florida First District Court of Appeal appointed experienced private counsel, Michael Ufferman, Esquire, acting *pro bono*, to represent petitioner. (*Id.*; *see also* Doc. 1, Attach. at 63-82). Petitioner argued on appeal that: (1) the trial court erred by adjudging him not guilty by reason of insanity, because once the trial court determined petitioner was incompetent to stand trial it was required to abate the proceedings and was not authorized to make a further finding that petitioner was not guilty by reason of insanity; and (2) the trial court erred by placing petitioner in a secure facility, because it failed to consider less restrictive alternatives to involuntary commitment. (Doc. 1, Attach. at 63-82). The State filed an answer brief in which it conceded that the trial court "exceeded its jurisdiction, and legally erred, by spontaneously holding a de facto bench trial finding petitioner insane and adjudicating him not guilty by reason of insanity." (Doc. 1, Attach. at 92; Doc. 21, Ex. A). The State argued that the error was harmless, because the trial court did not find petitioner incapable of being restored to trial competency

in the foreseeable future and, since petitioner had been charged with a felony, he could be held up to 5 years (in annual increments) under Florida Rule of Criminal Procedure 3.213(b)(1), unless it was established that there was "no substantial probability" of restoration to trial competency in the foreseeable future. (*Id.*). The State argued that petitioner had never challenged the finding that he was incompetent to proceed, and that petitioner was properly confined under Rule 3.213. The State asserted that the appellate court should reverse the denial of petitioner's state habeas petition and remand with instructions to vacate the November 22, 2010 adjudication of not guilty by reason of insanity. (*Id.*). On April 4, 2013, the First DCA issued its decision, as follows:

> In light of the State's concession of error, we reverse the denial of appellant's petition for writ of habeas corpus, quash the judgment of not guilty by reason of insanity, and remand for further proceedings. *See Thompson v. Crawford*, 479 So. 2d 169 (Fla. 3d DCA 1985).

> REVERSED AND REMANDED.

*Mccroan v. State*, 110 So. 3d 533 (Fla. 1st DCA 2013).

Petitioner initiated this federal habeas proceeding on April 27, 2013. (Doc. 1). The petition challenges the November 22, 2010 order on four grounds: (1) the trial judge and prosecutor "falsified" the order adjudging petitioner not guilty by reason of insanity by stating that the mental health expert who testified at petitioner's competency proceeding found petitioner not only incompetent to stand trial but also insane at the time of the offense; (2) the charging document in petitioner's criminal case was not timely filed, and counsel appointed to represent petitioner in petitioner's state habeas appeal failed to raise the issue; (3) petitioner's "recusal rights" have been violated, and counsel appointed in the state habeas appeal failed to raise this issue;

and (4) the state trial court adjudged petitioner not guilty by reason of insanity without providing petitioner a jury trial by his peers. (Doc. 1, pp. 1-12). As relief, petitioner seeks the following:

> I'm asking the court to please review the court order for com[m]itment to Florida State Hospital, and Dr. Michael T. D'Errico's two psychological evaluations he performed on me. Because the court order states that Dr. Michael T. D'Errico found me to be insane at the time of the offense. The court order, and Dr .Michael T. D'Errico's two psychological evaluations are inconsist[e]nt and inadequate. Dr. D'Errico did not fin[d] me to be insane. He said on the two evaluations that I was lest [sic] marginally incompetent to proceed. Therefore, I'm being held illegal[ly] on a falsified/invalid order. The State is trying to say it[']s a simple error, because the judge proceeded against me while I was incompetent. But it[']s a malicious error.

(Doc. 1, p. 14). On September 25, 2013, the respondent moved to dismiss the petition. (Doc. 21). This Court appointed counsel to represent petitioner for the sole purpose of responding to the motion to dismiss. (Docs. 23, 31). Petitioner, through appointed counsel, has filed a response to the motion. (Doc. 32).

## DISCUSSION

Respondent moves to dismiss the petition on the grounds that petitioner's prior federal habeas proceeding filed in this Court in April of 2012, *McCroan v. United States District Court*, Case No. 5:12cv94/MP/EMT, raised substantively the same issues, sought the same relief, and was dismissed by this Court on May 24, 2012, under the *Rooker-Feldman* doctrine (to the extent petitioner asked this Court to substitute itself, or "take over," the state appellate court in petitioner's then-pending state habeas appeal) and the *Younger* abstention doctrine (to the extent petitioner sought an order affecting his pending state criminal proceeding). (Doc. 21, pp. 4-5; *see also* Case No. 5:12cv94, Docs. 3, 4). Respondent "adopts the magistrate's report

in full" and asserts that "based on the logic and authority of that report, the instant petition should be dismissed." (*Id*., p. 5).

Petitioner's appointed federal habeas counsel responds that she has reviewed the record in this case and has communicated with petitioner, his appointed trial counsel and his previously appointed appellate counsel in the state habeas appeal. (Doc. 32, p. 1). Counsel asserts that she cannot offer a valid defense to respondent's motion to dismiss for the following reasons: (1) Ground One of petitioner's federal habeas petition provides no basis for federal habeas relief, because the state appellate court has already granted petitioner relief on his challenge to the trial court's adjudication of not guilty by reason of insanity and quashed that judgment; (2) Ground Two concerning the "untimeliness" of the charging document in petitioner's still-pending criminal case (and petitioner's state habeas counsel's failure to raise the issue in the state habeas appeal) provides no basis for federal habeas relief, because a challenge to the timeliness of the charging document must first be raised (and preserved for appeal) by petitioner's trial counsel in the criminal proceeding, a proceeding which is still pending in state court; (3) Ground Three concerning plaintiff's "recusal rights" being violated does not state a federal claim on which federal habeas relief may be granted and, further, the claim must first be raised and preserved for appeal by petitioner's trial counsel in the pending state criminal case; and (4) Ground Four concerning the trial court's failure to give petitioner a jury trial, is not ripe for adjudication, because petitioner is not yet entitled, under the federal constitution, to a jury trial when he is not competent to stand trial. (Doc. 32, pp. 2-3).

The parties do not dispute that the portion of the November 22, 2010 order determining petitioner insane at the time of the offense and adjudicating petitioner not

guilty by reason of insanity has been vacated; that the portion of the November 22, 2010 order finding petitioner incompetent to stand trial is still in place; that petitioner has had periodic mental evaluations since his involuntary commitment; and that a mental health evaluation dated October 24, 2013, concluded that petitioner has not been restored to competency to face the criminal charges pending against him and that he still meets the criteria for involuntary commitment. (Doc. 21, p. 2; Doc. 32, p. 1). There is also no dispute that with regard to the criminal charges pending against petitioner, the State's prosecution has not concluded in the state circuit court. (Doc. 32, p. 1).

Grounds One And Four Are Moot

Petitioner's first ground for relief attacks the trial court's November 22, 2010 order adjudicating him not guilty by reason of insanity, on the grounds that the mental health expert who testified at the November 15, 2010 competency hearing did not testify that petitioner was insane, and the order was "false" in that regard. Petitioner's fourth ground for relief attacks the trial court's November 22, 2010 order adjudicating him not guilty by reason of insanity on the grounds that the trial judge deprived petitioner of his right to a trial by a jury of his peers. As the Florida First District Court of Appeal has quashed the judgment adjudicating petitioner not guilty by reason of insanity, petitioner's Grounds One and Four are moot. *See Spencer v. Kemna*, 523 U.S. 1, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998).

The Court Should Abstain From Deciding Grounds Two And Three

Petitioner's remaining grounds challenge the state criminal proceeding pending against petitioner on the grounds that the charging document was not timely filed and the trial judge should recuse himself. Federal courts cannot intervene in ongoing

criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) (holding that a federal court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit except in very unusual situations, where necessary to prevent immediate irreparable injury); *Samuels v. Mackell*, 401 U.S. 66, 91 S. Ct. 764, 27 L. Ed. 2d 688 (1971) (holding that the considerations in *Younger* require federal courts to abstain from issuing declaratory as well as injunctive relief). *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue(s). *See Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982). The issuance of declaratory or injunctive relief in this habeas proceeding would directly interfere with the ongoing state criminal proceeding against petitioner. The state criminal proceeding involves important state interests; petitioner has counsel in that proceeding; and petitioner has adequate opportunity to raise the issues presented in Grounds Two and Three. Petitioner has not demonstrated that the state proceeding is motivated by bad faith, that exceptional circumstances exist, or that any of the other limited grounds recognized by the Supreme Court as an exception to the *Younger* rule apply. *See Kugler v. Helfant*, 421 U.S. 117, 124, 95 S. Ct. 1524, 1530, 44 L. Ed. 2d 15 (1975); *Dombrowski v. Pfister*, 380 U.S. 479, 85 S. Ct. 1116, 14 L. Ed. 2d 22 (1965). The doctrines of comity and federalism set forth in *Younger* preclude this Court's intervention in petitioner's state criminal proceeding. When *Younger* applies and the petitioner is seeking injunctive or declaratory relief, the federal action must

be dismissed. *See, e.g., Gibson v. Berryhill*, 411 U.S. 564, 577, 93 S. Ct. 1689, 36 L. Ed. 2d 488 (1973) ("*Younger v. Harris* contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts."); *Delta Dental Plan of California, Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir. 1998) ("When a case is one in which the *Younger* doctrine applies, the district court has no discretion; it must dismiss.").

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and

recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion (doc. 21) be GRANTED to the extent it seeks to dismiss the petition.

2.  That respondent's motion (doc. 21) be DENIED AS MOOT to the extent it seeks to stay this proceeding pending petitioner's appointed counsel's response to the motion to dismiss.

3.  That the petition for writ of habeas corpus (doc. 1) be DISMISSED for the reasons set forth above.

4.  That the Clerk be directed to close the file.

5.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 22nd day of November, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).